[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In September 1991 the plaintiffs owned a piece of property in Milford at the northeast corner of the intersection of New Haven Avenue and Pepes Farm Road. On September 4, 1991 the defendant took part of their property for the layout, alteration, extension, widening, change of grade or improvement of the highway known as New Haven Avenue, also commonly known as Route #162. The plaintiffs' property so taken was described in the taking as follows:
 "SOUTHERLY by Present Route 162, New Haven Avenue, 35 feet, more or less;
 WESTERLY by Present Pepes Farm Road, 21 feet, more or less;
 NORTHEASTERLY by Owner's remaining land, 39 feet, more or less, by a line designated "Taking Line", as shown on the map hereinafter referred to.
And said parcel contains 0.008 of an acre, more or less, CT Page 681 together with all appurtenances, all of which more particularly appears on a map entitled: "Town of Milford, Map Showing Land Acquired From Gioacchino DeNicolo et al by The State of Connecticut, Widening of Route 162 At Pepes Farm Rd., Scale 1" = 40', April 1991, Robert W. Gubala, Transportation Chief Engineer Bureau of Highways." (83-205-2)
Said premises are taken together with the following rights on portions of Owners' remaining land:
 1. A right to construct a driveway within an area located opposite approximate State 15+73 left, Base Line Present Route 162, New Haven Avenue, as more particularly shown on said map.
 2. A right to remove driveway within an area located between and opposite approximate Stations 15+73 and 15+93 left, said Base Line, as more particularly shown on said map.
The aforesaid two rights cover a total area of 0.013 of an acre, more or less, and shall terminate automatically upon completion of the work by the State."
The court took testimony on the matter on December 10, 1992 and thereafter reviewed the land concerned.
The defendant appraised damages to the plaintiffs by the taking in the sum of $2345 and assessed against them no sum as benefits.
This action is an appeal from that assessment of the damages.
As stated above the parcel of land taken contains 0.008 of an acre. An acre of land contains 43,500 square feet. Thus the land taken is 348 square feet in area. The plaintiffs' lot was 0.89 of an acre in size.
The plaintiffs' expert estimated the value of the plaintiffs' land before the taking to be $100,000. The defendant's expert estimated the value of the land before the taking to be $83,014.
The plaintiffs' expert estimated the value of the plaintiffs' land after the taking to be $90,000 or a difference of $10,000. Dividing $10,000 by the area of 348 square feet gives a value per square foot of the land taken to be $28.74. That amount multiplied CT Page 682 by the 34.715 square foot area of the plaintiffs' land would give a figure of almost one million dollars for the whole property. The court therefore cannot give any credibility to the opinions or computations of the plaintiffs' expert.
The court accepts the defendant's figures of $784 for the value of the land taken and $1,561 for the taking of part of the paved driveway area. However, the court finds that the defendant did not include other items which have a value to the plaintiffs. These include a cherry tree with a trunk 10 inches in diameter, which was cut down, a reduction in size of the area used for parking 2 cars but which now will accommodate only 1 car, the elimination of access to the driveway area to and from New Have Avenue. The court finds that such items have a value of $1000.
The court notes from the maps in evidence that the claims of the plaintiffs' appraiser that the effects of the taking include: "2 Parking spaces are taken; The walk to the front on New Haven Avenue is destroyed; Guests will not be able to park along New Haven Avenue; The mail box must be moved; A new walk must be built from the front steps to the new driveway", are factually incorrect.
Judgment may enter for the plaintiffs for $3,345 for the taking, plus a fee for the plaintiffs' appraiser of $750 plus interest on the excess of the award by this judgment over the original award of the defendant plus costs.
THOMAS J. O'SULLIVAN, TRIAL REFEREE